NICHT BOX
FILED

AUG 0 7 2000

CLARENCE MADDOX
CLERK, U.S.D.C.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MASTEC, INC.,                              )
                                           )
                         Plaintiff,        )
                                           )
              v.                           )      CASE NO. 00-2858
                                           )
SINTEL INTERNATIONAL CORPORATION,          )      CIV-UNGARO-BENAGES
a/k/a SINTEL INTERNATIONAL LIMITED,        )
a British Virgin Island corporation,       )      MAGISTRATE JUDGE
                                           )      BROWN
                         Defendant.        )
_____    )

## NOTICE OF REMOVAL OF CIVIL ACTION

Defendant ("Sintel"), pursuant to 28 U.S.C. §§ 1441 and 1446, and 28 U.S.C. § 1332, respectfully submits its notice of removal of civil action, and states as follows in support thereof:

1. On or about July 14, 2000, plaintiff Mastec, Inc. filed a civil action in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida. The case is styled: *Mastec, Inc. v. Sintel International Corporation, a/k/a Sintel International Limited, a British Virgin Island corporation*, Case No. 00-17162 CA (20) (the "state court action"), and a copy of the complaint in that action is attached as Exhibit A.

2.     The complaint is the initial pleading setting forth the claim on which the state court action is based, and Sintel first received a copy of it when the summons and complaint were first delivered to Sintel in the British Virgin Islands on July 25, 2000.[1]

3.     Copies of all of the process, pleadings, and orders delivered to Sintel in the action (consisting of a complaint, a summons, a notice of filing, and an affidavit of service) are attached as Exhibit A and composite Exhibit B.  Defendant has neither served any pleading nor made any appearance or argument in the state court action.

4.     The action is a civil action which purports to be a claim on a promissory note.

5.     This Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332(a)(2), and defendant is entitled to remove it to this Court pursuant to 28 U.S.C. § 1441(a), because, as is shown in the complaint:

(a)     plaintiff is a Florida corporation with its principal place of business in Miami-Dade County, Florida (Complaint, ¶ 2);

(b)     defendant is a British Virgin Islands company (Complaint, ¶ 3), with administrative personnel located in Spain, which does not have its principal place of business in the State of Florida (or elsewhere in the United States); and

(c)     the matter in controversy exceeds the sum or value of $75,000, exclusive of interest, costs, and attorney's fees (*i.e.*, the plaintiff seeks damages in the amount of $4,100,000.00 [Complaint, ¶¶ 11-12]).

6.     This notice is timely filed and served, pursuant to 28 U.S.C. § 1446, within 30 days of the purported service of the complaint upon Sintel.

---

[1]     Sintel files this Notice of Removal without submitting to the jurisdiction of this Court or waiving the defenses of lack of jurisdiction, improper venue (including *forum non conveniens*), insufficiency of process, and/or insufficiency of service of process, as a basis for dismissal of this action or transfer to a more convenient forum.  To the extent required to preserve these defenses as a basis for dismissal of this case, or for transfer of the proceeding to a superior alternative forum, Sintel respectfully asserts them here.

7.     Sintel was not at the time of the institution of this action, and is not now, incorporated pursuant to the laws of the State of Florida. Defendant did not at the time of the institution of this action, and does not now, have its principal place of business within the State of Florida.

8.     As required by 28 U.S.C. § 1446(d), defendant is serving a copy of this notice of removal on counsel for the plaintiff, and is promptly notifying the Circuit Court of the Eleventh Judicial Circuit (Miami-Dade County, Florida) of the removal of this action by filing with the clerk of that court a Notice of Filing Notice of Removal of Civil Action, a copy of which is attached as Exhibit C.

WHEREFORE, defendant respectfully gives notice of removal to this Court of the action that was formerly pending in the Circuit Court of the Eleventh Judicial Circuit.

Respectfully submitted,

GREENBERG TRAURIG, P.A.
1221 Brickell Avenue,
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717
Attorneys for Defendant

By:_____
       PEDRO J. MARTINEZ-FRAGA
       Florida Bar No. 752282

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was served

this 7th day of August, 2000 by U.S. mail to

J.M. Guarch, Esq.
ARAN CORREA & GUARCH, P.A.
710 South Dixie Highway
Coral Gables, FL 33146

Pedro J. Martinez-Fraga

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR DADE, COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION         00-17162

CASE NO.

CA 20

MASTEC, INC., a Florida
corporation,

Plaintiff

v.

SINTEL INTERNATIONAL CORPORATION
a/k/a SINTEL INTERNATIONAL LIMITED,
a British Virgin Islands corporation,

Defendant.

## COMPLAINT

The Plaintiff, MASTEC, INC., an active Florida corporation, by and through its undersigned counsel sues the Defendant SINTEL INTERNATIONAL LIMITED, as follows:

1.      This is an action for damages that exceed $15,000.00 exclusive of interest, costs and attorney's fees.

2.      The Plaintiff, Mastec, Inc. is an active Florida Corporation located and doing business in Dade County, Florida.

3.      The Defendant, Sintel International Limited is a corporation of the British Virgin Islands.

4.      Venue is proper in Miami-Dade County, Florida as prescribed in Paragraph 9 of the Promissory Note between the parties. Moreover, Dade County,

RECEIVED

JUL 25 2000

Arias, Fabrega & Fabrega
Trust Co. BVI Limited


EXHIBIT
A

Florida is where the proceeds to be paid and actions to be performed were due to be paid and performed respectively.

5    All conditions precedent to the filing of this action have occurred, been waived or have otherwise been satisfied.

6    The Plaintiff has engaged the undersigned law firm to prosecute this cause and has agreed and is obligated to pay a reasonable fee for the services provided. The Defendant is liable for all of the attorney's fees in accordance with the terms of the Promissory Note between the parties.

## Count I

7.   Plaintiff repeats and realleges Paragraphs 1 through 6 above as if more fully set forth here.

9    This is an action against the Defendant for collection of a debt due under a Promissory Note. A copy of the Promissory Note is attached hereto as Composite Exhibit "A."

10.  On April 10, 2000 the Defendant executed and delivered a Promissory Note to the Plaintiff.

11.  The terms of the Promissory Note, inter alia, required the Defendant to pay the Plaintiff four million, one hundred thousand dollars (US$4,100,000.00) on or before June 30, 2000.

12.  The Defendant failed to pay the balance owed on the Note when due.

13.  The Defendant waived notice and demand for payment by virtue of Paragraph four (4) of the Promissory Note. Moreover, the Defendant is liable for interest on the debt in accordance with the terms of the Promissory Note.

14. The Plaintiff owns and holds the Promissory Note.

WHEREFORE the Plaintiff demands judgment against the Defendant for damages, interest, legal costs and attorney's fees as well as such other further relief that this Honorable Court deems just and proper.

ARAN CORREA & GUARCH, P.A.
Counsel for the Plaintiff
710 South Dixie Highway
Coral Gables, Florida 33146
Telephone: (305) 665-3400
Facsimile: (305) 665-3253

By: _____
J.M. Guarch, Jr.
Florida Bar No. 765007
Joseph A. Miles
Florida Bar. No. 981333



## PROMISSORY NOTE AND RELEASE

PROMISSORY NOTE AND RELEASE dated as of April 10, 2000 between MASTEC, INC., a Florida corporation ("MasTec"), and SISTEMAS E INSTALACIONES DE TELECOMUNICACION S.A., a Spanish corporation, and SINTEL INTERNATIONAL CORPORATION, a British Virgin Islands corporation (collectively, the "Borrowers").

### RECITALS

MasTec, the Borrowers, MasTec International, Inc. and Juan Antonio Casanova and Ricardo Campos entered into a Loan and Security Agreement dated as of September 14, 1999 (the "Loan Agreement") under which MasTec made a US$3,000,000.00 loan to the Borrowers subject to certain terms and conditions. The Borrowers have made certain claims against MasTec or its subsidiaries and affiliates, which MasTec is disputing. The Borrowers and MasTec desire to supersede the Loan Agreement with this Promissory Note and Release, to establish the current amount due from the Borrowers to MasTec, and to resolve all claims by the Borrowers against MasTec, upon the terms and conditions set forth in this unconditional Promissory Note and Release, which has been approved by the Boards of Directors of the Borrowers as of March 23, 2000.

Accordingly, the Borrowers and MasTec agree as follows:

1.  The Loan Agreement is terminated and superseded in its entirety by this Promissory Note and Release, which will govern the rights and obligations of the parties henceforth.

2.  The parties agree that the Borrowers, jointly and severally, owe MasTec Four Million One Hundred Thousand and 00/100 United States of America Dollars (U.S.$4,100,000.00) (the "Debt"). The Borrowers acknowledge and agree that there are no further conditions or requirements to the payment of the Debt, that all such conditions or requirements have been satisfied, including corporate or third party approvals, that the Debt is the unconditional obligation of the Borrowers, payable when due as set forth in paragraph 3 of this Promissory Note and Release, and that there are no set-offs, withholds, claims or other deductions that would reduce the amount of the Debt.

3.  Accordingly, for value previously received, the Borrowers, jointly and severally, promise to pay to MasTec or its assignee, the full amount of the Debt on or before June 30, 2000 (unless accelerated to an earlier date as provided in this Promissory Note and Release) (the "Maturity Date"), in United States of America Dollars, by wire transfer of immediately available funds to such account or accounts as MasTec will designate in writing, without set-off, withholding or deduction of any kind. The Debt may be prepaid in whole or in part at any time without





penalty. Any payments will apply first to accrued interest, and the remainder, if any, to reduction of principal). If the Debt is not paid in full on or before the Maturity Date, or upon any default in the performance of any of the covenants or agreements of this Agreement, the amount of the Debt remaining unpaid will bear interest at the rate of twenty-two percent (22%) per annum, or the highest amount permitted by law not exceeding 22%.

4.   The Borrowers waive demand, protest and notice of maturity, non-payment or protest and all requirements to hold the Borrowers liable for the Debt. The Borrowers further agree to pay costs of collection, including attorneys' and paralegal fees and court costs, in case the Debt or any interest thereon is not paid on or before the Maturity Date.

5.   Each of the following will constitute an event of default ("Event of Default") under this Agreement:



a.   Any of the Borrowers institutes or consents to the institution of proceedings to be adjudicated a bankrupt or to enter reorganization or liquidation; files a petition or answer or consent seeking reorganization, adjustment or arrangement under any bankruptcy, reorganization, or insolvency law of any jurisdiction; consents to the appointment of a receiver or trustee in bankruptcy, reorganization or insolvency; makes an assignment for the benefit of creditors; or admits in writing its insolvency or inability to pay its debts generally as they become due.

b.   A decree or order of a court is entered adjudging any of the Borrowers a bankrupt or insolvent or constituting an order for relief, or approving an arrangement or adjustment with respect to any of the Borrowers, under any bankruptcy, reorganization or insolvency law; or appointing a receiver, trustee or custodian in bankruptcy, reorganization, liquidation or insolvency.

c.   A default occurs under any other agreement between MasTec and the Borrowers.

d.   The closing of any capital increase or other debt or equity financing at any of the Borrowers, or any of their affiliates, or any merger, consolidation, exchange of stock, sale of assets or other similar transaction involving the Borrowers, or any of their affiliates and any third party.

If an Event of Default occurs under this Agreement, the Maturity Date will be accelerated to the date of the Event of Default and the full amount of the Debt plus any accrued interest thereon will become due and payable in full, and default interest as described in paragraph 3 above will accrue from the accelerated Maturity Date.

6.   In consideration of MasTec foregoing its other rights under the Loan Agreement, the Borrowers, jointly and severally, on behalf of themselves and their respective officers, directors, employees, affiliates, subsidiaries, representatives, executors, successors and assigns (collectively, the "Releasors"), in consideration of this Agreement, acquit, release and forever discharge MasTec and its agents, servants, officers, directors, stockholders, predecessors, subsidiaries, affiliates, successors,



2



Con intervención de D. Pedro Elizaide Aymerich, Corredor de Comercio, miembro del Colegio Oficial de Madrid, expresamente requerido por las partes para este otorgamiento.

EXECUTED: as of April 10, 2000.

MASTEC, INC.

By: _____

P.P. Francisco Antonio Peña González

AGREED:

SISTEMAS E INSTALACIONES DE TELECOMUNICACION S.A.

By: _____

Juan Antonio Casanova, Managing Director

By: _____

Ricardo Campos, Director

SINTEL INTERNATIONAL CORPORATION

By: _____

Juan Antonio Casanova, President

Con mi intervención, constando el presente contrato de 5 numeradas, que rubrico y sello.

5

assigns and other representatives (collectively, the "Releasees") from all claims, demands, debts, damages, liabilities, obligations, actions or causes of action, whether known or unknown, foreseen and unforeseen, fixed, accrued or contingent, liquidated or unliquidated, matured or unmatured, direct or derivative or consequential, arising from contract, tort, statute, regulation, tax obligation, or otherwise (collectively, "Claims"), including, without limitation (a) Claims arising under any agreement between any of the Releasors and any of the Releasees, including any indemnification or other Claims by any of the Releasors against any Releasees with respect Sinielar, S.A., an Argentinean corporation, or the purchase of shares of capital stock of Sinielar, S.A. by any Releasor (or its assignor or assignee) from any Releasee, (b) Claims for fraud, intentional misconduct, simple or gross negligence, criminal conduct, slander or libel, and (c) any other Claim of any kind whatsoever, arising out of, resulting from or in any way connected with any act, omission, fact, event, occurrence, matter, agreement, happening, representation, warranty, promise, relationship, or transaction of any kind that any Releasor ever had or may now have against any of the Releasees, from the beginning of time to the date of this Agreement.

7.  All parties will keep the terms of this Agreement confidential.

8.  Each Borrower represents that the person signing this Agreement on its behalf has full authority to do so. This Promissory Note and Release has been authorized by all appropriate corporate action by each Borrower, and does not conflict with or constitute a default under any Borrower's organizational instruments or any agreement, restriction, obligation, legal requirement of any kind, and does not require the consent of or notification of any other person or entity.

9.  This Promissory Note and Release will be governed by the laws of the State of Florida. Any action or proceeding to enforce this Agreement will be brought in the Federal or State Courts in Miami-Dade County, Florida, and each of the parties submits to the personal jurisdiction of such Courts, and to the extent permitted by law to the subject matter jurisdiction of those Courts. Furthermore, the Borrowers agree that venue is proper in Miami-Dade County, Florida for all actions or proceedings arising under this Promissory Note and Release. Each of the Borrowers agrees that it is subject to the personal jurisdiction of the circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida and the United States District Court for the Southern District of Florida for the purposes of enforcing this Promissory Note and Release.

10. Any notices, demands, consents, agreements, requests or other communications which may be or are required to be given, served or sent by any party to any other party or obtained from any party pursuant to this Promissory Note and Release must be in writing and must be (a) mailed by first-class mail, registered or certified, return receipt requested, postage prepaid, (b) hand delivered personally by independent courier, or (c) transmitted by telecopier addressed as follows:

    (i)     If to any of the Borrowers:

    Sistemas e Instalaciones de Telecomunicacion S.A.



IN THE CIRCUIT COURT OF THE ELEVENTH
JUDICIAL CIRCUIT IN AND FOR
DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 00-17162 CA (20)

MASTEC, INC.,

Plaintiff,

vs.

SINTEL INTERNATIONAL CORPORATION
a/k/a SINTEL INTERNATIONAL LIMITED,
a British Virgin Island corporation,

Defendant.

_____/

## NOTICE OF FILING OF AFFIDAVIT OF SERVICE AND SUMMONS

The Plaintiff, by and through its undersigned counsel, hereby gives Notice of Filing the Affidavit of Service and Summons that was served upon Sintel International Limited in the British Virgin Islands on July 26, 2000. The Original of the respective documents are attached hereto as Composite Exhibit "A."

### Certificate of Service

I hereby certify that a copy of this Notice was mailed to Sintel International Limited, 601 Brickell Key Drive, Suite 201, Miami, Florida 33131 and Sintel International Limited by and through its registered agent, Arias, Fabrega & Fabrega, Trust Company BVI Limited, Omar Hodge Building, Wickhams Cay 1, Post Office Box 985, Road Town, Tortola, British Virgin Islands, IBC #268293 on July 26, 2000.

ARAN CORREA & GAURCH. P.A.
710 South Dixie Highway
Coral Gables, Florida  33146
Telephone: (305) 665-3400
Facsimile: (305) 665-2250

By: _____
Joseph A. Miles
Florida Bar Number 981338

**EXHIBIT**

**B**

## AFFIDAVIT OF SERVICE

State of Florida      County of Dade      Circuit Court

Case No.:      Court Date: _____

Plaintiff:
MASTEC, INC., a Florida
corporation

vs.

Defendant:
SINTEL INTERNATIONAL LIMITED

FOR:
Jorge M. Guerch, Jr. Esq.
Arzn Corran & Guarch, P.A.
710 South Dixie Highway
Coral Gables, Florida

Received by _CAAHAN STODGIER_ on this _21ST_ day of _July_ 2000 at _4:30_ a.m./p.m. to be served on SINTEL INTERNATIONAL CORPORATION a/k/a SINTEL INTERNATIONAL LIMITED, by serving its registered agent: Arias Fabrega & Fabrega, Trust Company BVI Limited, Omar Hodge Building, Wickhams Cay 1, P.O. Box 985, Road Town, Tortola, British Virgin Islands, IBC # 368293.

I, _CAAHAN STODGIER_, being duly sworn depose and say that on the _25TH_ day of _JULY_, 2000 at _4:05_ a.m./p.m., I:

SERVED the within named CORPORATION by delivering a true copy of the Summons and Complaint with the date and hour endorsed thereon by me to _ELIAS FABREGA + FABREGA_ Trust _Registered Agent of Sintel International Limited._

I certify that I am a certified process server in the circuit in which this was served and that I have no interest in the above action. Under penalty of perjury I declare that I have read the foregoing and that the facts stated in it are true.

JUL 25 2000

Arias, Fabrega & Fabrega
Affiant: Trust Co

_CAAHAN H. STODGIER_
Print Name of Affiant above

THE FOREGOING instrument was subscribed and sworn to before me this _25th_ day of _July_ 2000, by _____, who is personally known to me or who has produced the following as identification: _Gun Driver's Licence_ and who did/did not take an oath.

Notary Public

My commission expires:

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR DADE, COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO

00-17162

MASTEC, INC., a Florida corporation,
Plaintiff,

CIVIL ACTION SUMMONS    CA 13

v.

SINTEL INTERNATIONAL CORPORATION
a/k/a SINTEL INTERNATIONAL LIMITED,
a British Virgin Islands corporation,

Defendant.

THE STATE OF Florida: To each Sheriff (or Process Server):

YOU ARE HEREBY COMMANDED to serve this summons and a copy of the complaint or petition in this action on the Defendant:

Sintel International Corporation
a/k/a Sintel International Limited
By serving its registered agent:
Arias Fabrega & Fabrega, Trust Company BVI Limited
Omar Hodge Building, Wickhams Cay 1
P.O. Box 985, Road Town
Tortola, British Virgin Islands
IBC # 268293

Each defendant is required to serve written defenses to the complaint on Plaintiff's attorney:

J. M. Guerch, Esq.
Aran Correa & Guerch, P.A.
710 South Dixie Highway
Coral Gables, Florida 33148
Telephone: (305) 665-3400

within 20 days after service of this summons on that defendant, exclusive of the day service, and to file the original defenses with Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for relief demanded in the complaint or petition.

DATED ON _____ JUL 14 2000

Clerk of Court

HATTIE STREITER

By:_____
(Court Seal)

*SERVED ON Arias Fabrega + Fabrega Trust @ BVI Ltd*
*at 2:05 pm on 25th July 2000*

_____

*_____ Fitzwilliam*

RECEIVED

JUL 25 2000

Arias, Fabrega & Fabrega
Trust Co. BVI Limited

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

MASTEC, INC.,                                )
                                             )
                                             )      **CASE NO. 00-17162 CA 20**
                           Plaintiff,        )
                                             )
             v.                              )
                                             )
SINTEL INTERNATIONAL CORPORATION,            )
a/k/a SINTEL INTERNATIONAL LIMITED,          )
a British Virgin Island corporation,         )
                                             )
                           Defendant.        )
_____)

## NOTICE OF FILING
## <u>NOTICE OF REMOVAL OF CIVIL ACTION</u>

PLEASE TAKE NOTICE that Defendant, pursuant to 28 U.S.C. §§ 1441 and

1446, has removed this action to the United States District Court for the Southern District of

Florida (Miami Division) by filing the attached Notice of Removal of Civil Action with the

District Court.

Respectfully submitted,

GREENBERG TRAURIG, P.A.
1221 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717
Attorneys for Defendant

By:_____
PEDRO J. MARTINEZ-FRAGA
Florida Bar No. 752282

1221 █████   IDA 33131
305-579-█   w.gtlaw.com
MIAMI  NEW YORK  WASHINGTON, D.C.  A█████  N CHICAGO  BOSTON  PHOENIX  WILMINGTON
SÃO PAULO  FORT LAUDERD█████  BEACH  ORLANDO  TALLAHASSEE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was served

this 7th day of August, 2000 by U.S. mail to

J.M. Guarch, Esq.
ARAN CORREA & GUARCH, P.A.
710 South Dixie Highway
Coral Gables, FL 33146

Pedro J. Martinez-Fraga

GREENBERG TRAURIG, P.A.
1221 BRICKELL AVENUE MIAMI, FLORIDA 33131
305-579-0500  FAX 305-579-0717  www.gtlaw.com
MIAMI  NEW YORK  WASHINGTON, D.C.  ATLANTA  PHILADELPHIA  McLEAN  CHICAGO  BOSTON  PHOENIX  WILMINGTON
SÃO PAULO  FORT LAUDERDALE  BOCA RATON  WEST PALM BEACH  ORLANDO  TALLAHASSEE

# CIVIL COVER SHEET

**00-2858**
**CIV - UNGARO - BENAGES**
**MAGISTRATE JUDGE BROWN**

The JS-44 Civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court  This form, approved by the Judicial Conference of the United States in September 1974 is required for the use of the Clerk of Court for the purpose of initialing the civil docket sheet (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## 1(a) PLAINTIFFS

Mastec, Inc.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Miami-Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS

Sintel International Limited, a British Virgin Islands corporation

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT British Virgin Islands
(IN U.S. PLAINTIFF CASED ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

J.M. Guarch, Esq., Arran Correa & Guarch, P.A., 710 S. Dixie Highway, Coral Gables, Florida 33148, (305) 665-3400

1:00CV 2858 / UUB/Braun

ATTORNEYS (IF KNOWN)

Pedro J. Martinez-Fraga, Esq., Greenberg Traurig, P.A., 1221 Brickell Avenue, Miami, Florida  33131, (305) 570-0500

**NIGHT BOX FILED**

**AUG 0 7 2000**

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: N/A
DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION

(PLACE AN X ONE BOX ONLY)

- ☐ 1 U S Government Plaintiff
- ☐ 3 Federal Question (U S Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES

(For Diversity Case Only)

(PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign County | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☒ 6 |

## IV. CAUSE OF ACTION

(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Claim under promissory note. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)

**IVa.** ___N/A___ Days estimated (for both sides) to try entire case

## V. NATURE OF SUIT

(PLACE AN X IN ONE BOX ONLY)

### A CONTACT

- ☐ 110 Insurance
- ☐ 120 Manne
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) B
- ☐ 153 Recovery of Overpayment of Veteran's Benefits B
- ☐ 160 Stockholder's Suits
- ☒ 190 Other Contact
- ☐ 195 Contract Product Liability

### A TORTS

**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employer's Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 360 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

- ☐ 362 Personal Injury-Med Malpractice
- ☐ 365 Personal Injury-Product Liability
- ☐ 368 Asbestos Personnel Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending B
- ☐ 380 Other Personnel Property Damage
- ☐ 385 Property Damage Product Liability

### B FORFEITURE PENALTY

- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R R & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety-Health
- ☐ 690 Other

### A LABOR

- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor Management Relations B
- ☐ 730 Labor Management Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Ret Inc Security Act B

### A BANKRUPTCY

- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### A PROPERTY RIGHTS

- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

### B SOCIAL SECURITY

- ☐ 861 HIA (1395)(f)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW 405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### A FEDERAL TAX SUITS

- ☐ 870 Taxes (U S Plaintiff or Defendant)
- ☐ 871 IRS Third Party 26 USC 7609

### A OTHER STATUS

- ☐ 400 States Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce-ICC Rates/etc B
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12USC3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions A or B

### A REAL PROPERTY

- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure 5
- ☐ 230 Rent Lease and Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### A CIVIL RIGHTS

- ☐ All Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

### B PRISONER PETITIONS

- ☐ 510 Motions to Vacate Sentence Habeas Corpus
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights A or B

## VI. ORIGIN

(PLACE AN X IN ONE BOX ONLY

- ☐ 1 Original Proceeding
- ☒ 2 Removed From State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Refiled
- ☐ 5 Transferred from another district (Specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT

CHECK IF THIS IS A
☐ under F R C P 23

**CLASS ACTION**

**DEMAND $ in Excess of $75,000.00**

Check YES only if demanded in complaint.
JURY DEMAND: ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY

N/A

JUDGE_____ DOCKET NUMBER_____

DATE_____

SIGNATURE OF ATTORNEY OF RECORD_____

UNITED STATES DISTRICT COURT

FOR OFFICE USE ONLY  RECEIPT NO._____  Amount_____
Date Paid: 8/8/00  M/ifp:_____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

### Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I. (a) Plaintiffs - Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved).

**(c) Attorneys.** Enter firm name, address, telephone number, and attorney or record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction is based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an X in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of difference states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases).

**III. Residence (citizenship) of Principal Parties.** This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause.

**V. Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV above, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**VI. Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Refiled. (4) Check this box for cases refiled in the district court. Attach copy of order.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate's decision.

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS-44 is used to reference relating pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.